# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE REVIS, | 1:13cv00059 AWI DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| L. SALINAS, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | |

Plaintiff Andre Revis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed his complaint in the Fresno County Superior Court on July 7, 2012. Defendants L. Salinas, J. Wang, A. Enenmoh, E. Clark and J. Moon were served with the complaint on December 13, 2012. On January 11, 2013, Defendants[1] removed the action to this Court. Defendants paid the filing fee upon removal.

A.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff names three other Defendants who have not appeared.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.       **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges that on November 20, 2007, he was transferred to CSATF and came under the care of Defendant Enenmoh. He alleges that after evaluation of Plaintiff's health records, Defendant Enenmoh failed to follow up with treatment already in place and/or oversee treatment and request various tests. He contends that Defendant Enenmoh neglected his responsibilities and as a result, Plaintiff suffered severe, chronic and debilitating in both shoulders.

On November 24, 2008, Plaintiff was transferred to California State Prison, Corcoran ("CSP"). Plaintiff filed a Medical Grievance against Defendant Moon, the CSP Yard Physician, after he reviewed Plaintiff's health care records. Plaintiff received x-rays and an M.R.I.

On April 8, 2009, upon the possibility of another transfer, he requested a medical hold so that he could continue treatment. The request was ultimately denied on June 2, 2009, by Defendant Salinas, the Health Care Appeals Coordinator, because Plaintiff was transferred, as described below, on May 5, 2009.

On April 15, 2009, Plaintiff saw Defendant Moon and he submitted a request for arthroscopy of the right shoulder. On April 16, 2009, Defendant Wang denied the request.

Plaintiff was transferred to Calipatria State Prison on May 5, 2009. He saw Defendant Mendler, who submitted a request for arthroscopy of the right shoulder. The request was approved on May 18, 2009.

Plaintiff states that on June 3, 2009, Defendant Lai "fabricated on record that Plaintiff underwent arthroscopic debridement of the right shoulder." Plaintiff contends that this procedure was never performed on his right shoulder. Compl. 7.

Plaintiff was transferred back to CSP on June 18, 2009.

On July 1, 2009, Plaintiff continued to seek medical attention for severe pain in both shoulders.

On January 14, 2010, Plaintiff contends that Defendant Clark inadequately investigated Plaintiff's health records and failed to disclose the fact that his debridement procedure did not take place. Defendant Clark denied Plaintiff's health care appeal.

On April 4, 2011, Plaintiff alleges that Defendant Alade conducted a telemedicine consultation. Plaintiff contends that the consultation "resulted in contradiction/detraction of evaluation made by other medical physician x-rays, MRIs," and left Plaintiff to continue to suffer. Compl. 8.

On January 10, 2012, Plaintiff saw Defendant Dr. Chandrasekaran and recommended hemiarthroplasy or total shoulder arthroplasty of the right shoulder. He also recommended that Plaintiff be referred to a surgeon who performs such a surgery. In the meantime, Plaintiff was to receive pain medication and a lidocaine injection.

On March 27, 2012, Plaintiff was transferred back to CSP and continued to seek medical treatment. He had filed appeals and grievances as recently as October 2011 and had submitted health care requests. However, he continues to be in debilitating pain.

Plaintiff alleges that Defendants Enenmoh, Wang, Moon, Clark, Mendler, Salinas, Lai and Alade were in a position to order the medical staff to provide Plaintiff with adequate medical care and/or refer him to a specialist, but refused to do so. Plaintiff contends that to date, he has not received any corrective surgical procedures.

Based on these facts, he alleges a deliberate indifference to a serious medical need, in violation of the Eighth Amendment, against Defendants Enenmoh, Wang, Moon, Clark, Mendler, Salinas, Lai and Alade.

**C.     ANALYSIS**

    1.     Eighth Amendment Deliberate Indifference

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

      a.    *Defendant Enenmoh*

Plaintiff's only allegations against Defendant Enenmoh involve treatment in 2008, after Plaintiff was transferred to CSATF. He states that he was under Defendant Enenmoh's care, but that after evaluating Plaintiff and/or his medical records, Defendant Enenmoh failed "to follow-up treatment plan(s) already in place, oversee treatment request/order(s) and/or procedures requested for x-rays and MRI(s). . ." Compl. 5.

In support of his claim, Plaintiff cites to a Physician Request for Services. In July 2008, Defendant Enenmoh requested a routine "ortho evaluation" for bilateral shoulder pain. The request was approved on July 28, 2008.

There is nothing in Plaintiff's allegations, or his exhibit, that suggests that Defendant Enenmoh did anything other than treat Plaintiff and request follow-up care. Although Plaintiff states that Defendant Enenmoh failed to follow-up with treatment plans, he does not provide specific facts to further explain his claims.

Accordingly, Plaintiff has failed to allege that Defendant Enenmoh acted with deliberate indifference and he therefore fails to state a claim against him.

      b.    *Defendants Moon, Wang and Salinas*

Plaintiff alleges that Defendant Moon is the Prison Yard Physician at CSP. According to the cited exhibits, Plaintiff saw Defendant Moon on April 15, 2009, and Defendant Moon submitted a Request for Services on a routine basis for arthroscopy of the right shoulder. Defendant Wang denied the request on April 16, 2009.

Plaintiff also cites to his health care appeal, dated April 8, 2009, in which he requests that his transfer to another institution be put on hold pending treatment. The appeal was received by the appeal's office on April 27, 2009, and ultimately denied by Defendant Salinas on June 2, 2009, because Plaintiff had already been transferred. Defendant Salinas told Plaintiff to seek treatment at his new facility.

It appears that Plaintiff is complaining that he has been made to begin the treatment process anew upon transfers to different prisons. However, while Plaintiff may not agree with the medical process, his allegations do not suggest that Defendants Moon, Wang or Salinas acted with deliberate indifference. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

In other words, there are no allegations that these Defendants acted, or failed to act, with the requisite intent. Defendant Moon saw Plaintiff and requested further treatment. Defendants Salinas and Wang denied Plaintiff's health care appeals, but again, Plaintiff fails to allege that they acted in conscious disregard of an excessive risk to Plaintiff's health.

Accordingly, Plaintiff fails to state a claim against Defendants Moon, Wang and Salinas.

    c.    *Defendant Mendler*

Plaintiff alleges that upon his May 2009 transfer to Calipatria, he saw Defendant Mendler. Defendant Mendler submitted a request for an arthroscopy of the right shoulder. The request was approved on May 18, 2009.

Based on these allegations, there is absolutely no indication that Defendant Mendler acted with deliberate indifference. Instead, he treated Plaintiff and requested additional treatment. Plaintiff therefore fails to state a claim against Defendant Mendler.

      d.    *Defendants Lai and Clark*

Plaintiff alleges that on June 3, 2009, Defendant Lai "fabricated on record that the Plaintiff underwent arthroscopic debridement of the right shoulder." Compl. 7. Plaintiff was transferred back to CSP on June 18, 2009.

Plaintiff further alleges that Defendant Clark "inadequately investigated" Plaintiff's health records and failed to disclose the fact that the debridement never occurred in ruling on Plaintiff's health care appeal in January 2010. Compl. 7

According to Exhibit 3, Dr. Lai performed an arthroscopic debridement of the right shoulder on June 3, 2009. Exhibits 5 and 6 also indicate that Plaintiff underwent a shoulder procedure on June 3, 2009.

While Plaintiff states that Dr. Lai "fabricated" this procedure, he does not provide facts to explain his claim. Without further facts, the Court cannot determine whether Dr. Lai acted with deliberate indifference.

For the same reason, the Court cannot determine whether Defendant Clark acted with deliberate indifference when he denied Plaintiff's health care appeal.

Plaintiff therefore fails to state a claim against Defendant Lai and Defendant Clark.

      e.    *Defendant Alade*

Plaintiff alleges that Defendant Alade performed a telemedicine consultation on April 4, 2011. He contends that this examination resulted in "contradiction/detraction of evaluation made by other medical physician. . ." Compl. 8. It appears that Plaintiff disagreed with the "method used for diagnostic examination/consultation." Compl. 8.

Plaintiff cites Exhibit 7, which is a preliminary report by Dr. Alade. Dr. Alade diagnosed chronic right shoulder pain, AC arthrosis, osteoarthritis of the shoulder, arthrofibrosis of the shoulder due to arthritis or the rotator cuff tear, and a rotator cuff tear. He also states that Plaintiff's symptoms (numbness, headaches and arm falling asleep), were not consistent with all

of the findings reported.  Dr. Alade recommended evaluation in the office and possible further x-rays and MRIs.

Plaintiff's disagreement with the conclusion and/or method of examination, however, does not support a finding of deliberate indifference.  "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).  Moreover, even if Defendant Alade erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim against Defendant Alade.

f. *Defendant Chandrasekaran*

Plaintiff includes Defendant Chandrasekaran in the factual allegations, but not in the Eighth Amendment cause of action.  Nonetheless, as with the other Defendants, Plaintiff has failed to allege that Defendant Chandrasekaran did anything other than examine Plaintiff and recommend treatment.

There is no indication that Defendant Chandrasekaran acted with deliberate indifference and Plaintiff therefore fails to state a claim against him.

D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.	Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.	The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.	Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.	<u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **September 5, 2013**                    /s/ *Dennis L. Beck*
                                                                             UNITED STATES MAGISTRATE JUDGE