# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANDRE REVIS, | ) 1:13cv00059 AWI DLB PC ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS ) REGARDING DISMISSAL OF ACTION |
| vs. | ) |
| L. SALINAS, et al., | ) **THIRTY-DAY DEADLINE** ) |
| Defendants. | ) |

Plaintiff Andre Revis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed his complaint in the Fresno County Superior Court on July 7, 2012. Defendants L. Salinas, J. Wang, A. Enenmoh, E. Clark and J. Moon were served with the complaint on December 13, 2012. On January 11, 2013, Defendants[1] removed the action to this Court. Defendants paid the filing fee upon removal.

On September 6, 2013, the Court screened Plaintiff's complaint and dismissed it with leave to amend.

Plaintiff filed a First Amended Complaint on September 30, 2013, but it was almost an exact copy of his original complaint. As a result, the Court dismissed it with leave to amend on March 14, 2014.

---
[1] Plaintiff names three other Defendants who have not appeared.

1

Plaintiff filed his Second Amended Complaint on March 31, 2014.

## A.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County,

Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS[2]**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges that on November 20, 2007, he was transferred to CSATF from High Desert State Prison without a substantial portion of his medical file. During Plaintiff's first consultation with Defendant Enenmoh, Plaintiff disclosed his entire prison medical history. Defendant Enenmoh failed to follow-up on reviewing his health care records, which resulted in Plaintiff not "receiving a number of critical life altering medication(s)" and not receiving treatment under plans that were in place from his prior doctors. ECF No. 12, at 8. This caused Plaintiff severe, excruciating and debilitating pain. Plaintiff alleges that Defendant Enenmoh left him to suffer "in anxiety and under duress" without providing the requested level of "aftercare" documented in Plaintiff's health records from High Desert State Prison.

On November 21, 2008, Plaintiff was transferred to Corcoran State Prison. Defendant Moon was the prison yard physician. Defendant Moon reviewed Plaintiff's health care records, and Plaintiff contends that after numerous consultations and complaints about pain, he filed a medical grievance seeking treatment for his shoulder and low back pain. X-rays and MRIs were ordered, and Plaintiff awaited the decision in pain.

On January 15, 2009, Defendant Wang denied Defendant Moon's request for services.

---

[2] The Court notes that many of Plaintiff's dates in his complaint conflict with the dates set forth in his medical records, which are attached as exhibits.

3

Plaintiff sought a medical transfer hold so that he could receive treatment scheduled for April 8, 2009. On January 27, 2009, Defendant Salinas denied the request and Plaintiff was subsequently transferred to another facility.

Plaintiff saw Defendant Mendler on May 15, 2009. On May 18, 2009, arthroscopy of the right shoulder was approved.

On June 2, 2009, Defendant Salinas contacted Plaintiff and the receiving institution regarding his health care appeal. He advised Plaintiff to seek further treatment with the prison yard physician at Calipatria State Prison. Plaintiff expressed his disappointment with having to suffer in pain while being made to repeat the consultation phase over and over.

On June 3, 2009, Defendant Lai said that the arthroscopic surgery had been performed and this information was conveyed to Defendant Salinas. Plaintiff contends that this was "fraudulently" entered into Plaintiff's medical records by Defendant Mendler, in collaboration with Defendant Lai.[3] Plaintiff states that he never underwent a procedure on June 3, 2009.

On June 18, 2009, Plaintiff was transferred back to Corcoran State Prison without knowledge of the prior "fraudulent" activity at Calipatria. Upon arrival, Plaintiff immediately submitted a health care service request. He saw Defendant Moon on July 1, 2009, and sought medical treatment for the excruciating and debilitating pain in his shoulders. Defendant Moon referred to Plaintiff's health care grievance and was aware of Plaintiff's ongoing difficulties in obtaining treatment.

On April 4, 2011, Defendant Alade performed a telemedicine consultation that resulted in "misdiagnostic review of any arthroscopic debridement procedures." ECF No. 12, at 12.

After more complaining, Plaintiff was scheduled for a consultation with an orthopedic surgeon several months later. On January 10, 2012, the surgeon recommended surgical procedures and gave Plaintiff a lidocaine injection to control pain.

---

[3] According to Plaintiff's exhibits, Defendant Lai performed arthroscopic debridement of the right shoulder on June 3, 2009. ECF No. 12, at 36, 42.

4

On March 27, 2012, Plaintiff was transferred back to CSTAF, where the medical process of submitting health care requests had to be repeated. This resulted in a health care appeal. After several appeals, consultations and complaints of inadequate medical care, Defendants Enenmoh, Wang, Moon, Clark, Mendler, Salinas, Lai and Alade were in positions to order adequate medical care, but refused to do so. Plaintiff alleges that as a result, he suffered excruciating pain and deterioration of his shoulders. To date, Plaintiff has not received any corrective surgical procedures.

Plaintiff alleges violations of the Eighth Amendment.

C.  **ANALYSIS**

1.  Eighth Amendment Deliberate Indifference

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

      a.    *Defendant Enenmoh*

Plaintiff's only allegations against Defendant Enenmoh involve treatment in July 2008, after Plaintiff was transferred to CSATF.  He states that he was under Defendant Enenmoh's care, but that after evaluating Plaintiff, Defendant Enenmoh failed to follow-up on reviewing Plaintiff's health care records.  According to Plaintiff, this resulted in him not receiving critical medications and treatment under plans from his prior institution.

In support of his claim, Plaintiff cites to a Physician Request for Services.  In July 2008, Defendant Enenmoh requested a routine "ortho evaluation" for bilateral shoulder pain. The request was approved on July 28, 2008.  ECF No. 12, at 21.

There are no facts in Plaintiff's complaint, or his exhibit, that suggests that Defendant Enenmoh did anything other than treat Plaintiff and request follow-up care.  Although Plaintiff states that Defendant Enenmoh failed to follow-up with treatment plans, he does not provide specific facts to further explain his claims.  Indeed, pursuant to Defendant Enenmoh's request for an orthopedic evaluation, Plaintiff received an MRI of each shoulder.  ECF No. 12, at 21.

The Court explained this deficiency to Plaintiff in the prior screening order, but Plaintiff has failed to allege facts to correct it.  Accordingly, Plaintiff has failed to allege that Defendant Enenmoh acted with deliberate indifference and he therefore fails to state a claim against him.

        b.    *Defendant Moon*

Plaintiff alleges that Defendant Moon reviewed his health care records upon his transfer to Corcoran in November 2008.  He states that he filed numerous grievances seeking treatment for his shoulder and low-back pain.  Plaintiff also saw Defendant Moon on July 1, 2009, after he submitted a health care request.  Plaintiff alleges that Defendant Moon was aware of his ongoing difficulties in obtaining treatment.

Plaintiff's allegations against Defendant Moon do not suggest that he acted with deliberate indifference, or that he even denied Plaintiff treatment.  According to Plaintiff's exhibits, he saw Defendant Moon on April 15, 2009, and Defendant Moon submitted a request for arthroscopy of the right shoulder.  ECF No. 12, at 36.  Although the request was ultimately denied, Plaintiff's allegations are insufficient to demonstrate that Defendant Moon was deliberately indifferent to a serious medical need.

The Court explained this in the prior screening order, but Plaintiff has failed to correct the deficiency.  Accordingly, he fails to state a claim against Defendant Moon.

        c.    *Defendants Wang and Salinas*

Plaintiff alleges that Defendant Wang denied Defendant Moon's request for arthroscopy of the right shoulder in January 2009.[4]  He also alleges that Defendant Salinas (1) denied Plaintiff's request for a medical hold, and (2) contacted Plaintiff on June 2, 2009, at his new prison, and told Plaintiff to seek treatment at his new place of incarceration.

It appears that Plaintiff is complaining that he has been made to begin the treatment process anew upon transfers to different prisons.  However, while Plaintiff may not agree with

---

[4] According to Plaintiff's exhibits, the request was submitted by Defendant Moon on April 15, 2009, and denied by Defendant Wang on April 16, 2009.  ECF No. 12, at 36.

7

the medical process, his allegations do not suggest that Defendants Wang or Salinas acted with deliberate indifference. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

In other words, there are no allegations that these Defendants acted, or failed to act, with the requisite intent. Defendants Salinas and Wang denied Plaintiff's health care requests and/or appeals, but again, Plaintiff fails to allege that they acted in conscious disregard of an excessive risk to Plaintiff's health.

Plaintiff was advised of this deficiency in the prior screening order, but has failed to correct it. Accordingly, Plaintiff fails to state a claim against Defendants Wang and Salinas.

        d.    *Defendant Mendler*

Plaintiff alleges that upon his May 2009 transfer to Calipatria, he saw Defendant Mendler. Defendant Mendler submitted a request for an arthroscopy of the right shoulder. The request was approved on May 18, 2009. He also appears to allege that Defendant Mendler collaborated with Defendant Lai to fraudulently indicate that he underwent arthroscopic surgery on June 3, 2009.[5]

---

[5] This allegation will be discussed below.

8

Based on these allegations, there is absolutely no indication that Defendant Mendler acted with deliberate indifference. Instead, he treated Plaintiff and requested, and secured, additional treatment.

Plaintiff was advised of this deficiency and he has failed to correct it. Plaintiff therefore fails to state a claim against Defendant Mendler.

e. *Defendant Lai*

Plaintiff alleges that on June 3, 2009, Defendant Lai fraudulently indicated that Plaintiff underwent arthroscopic debridement of the right shoulder.

According to Plaintiff's Exhibit 7, which is a Clinical Note authored by Defendant Lai, she examined Plaintiff on June 3, 2009. Under "Plan," Defendant Lai states that Plaintiff "will be taken to the operating room for arthroscopic debridement of the right shoulder with labral repair and AC joint resection." The risks and benefits were discussed with Plaintiff and he elected to proceed. ECF No. 12, at 42. Exhibit 5 also indicates that Plaintiff underwent a shoulder procedure on June 3, 2009.

While Plaintiff states that Defendant Lai fabricated this procedure in collaboration with Defendant Mendler, he does not provide facts to explain his claim. Without further facts, the Court cannot conclude that either Defendant acted with deliberate indifference. The Court explained this deficiency to Plaintiff in the prior screening order and he failed to correct it.

Therefore, Plaintiff fails to state a claim against Defendant Lai.

f. *Defendant Clark*

Plaintiff does not include any factual allegations against Defendant Clark in his Second Amended Complaint. According to his exhibits, Defendant Clark denied a health care appeal at the Second Level on March 26, 2010. ECF No. 12, at 38.

However, without factual allegations, the Court cannot determine whether Defendant Clark acted with deliberate indifference when he denied Plaintiff's health care appeal. Indeed,

absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

This deficiency was explained to Plaintiff in the prior screening order and he has failed to correct it.  Plaintiff therefore fails to state a claim against Defendant Clark.

        g.    *Defendant Alade*

Plaintiff alleges that Defendant Alade performed a telemedicine consultation on April 4, 2011.  He contends that the examination resulted in "misdiagnostic review of any arthroscopic debridement procedures or anything indicate to [sic] after care post/previous operations or right shoulder deterioration."  ECFR No. 12, at 12.

Plaintiff cites Exhibit 9, which is a preliminary report by Dr. Alade.  Dr. Alade diagnosed chronic right shoulder pain, AC arthrosis, osteoarthritis of the shoulder, arthrofibrosis of the shoulder due to arthritis or the rotator cuff tear, and a rotator cuff tear.  He also states that Plaintiff's symptoms (numbness, headaches and arm falling asleep), were not consistent with all of the findings reported.  Dr. Alade recommended evaluation in the office and possible further x-rays and MRIs.

Plaintiff's disagreement with the results of the examination, however, does not support a finding of deliberate indifference.  "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).  Moreover, even if Defendant Alade erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

The Court informed Plaintiff of this deficiency in the prior screening order and he has failed to correct it.  Plaintiff therefore fails to state a claim against Defendant Alade.

D.      **RECOMMENDATION**

Plaintiff's complaint fails to state any claims upon which relief may be granted.  Plaintiff has been provided with an opportunity to correct the deficiencies, but has failed to do so.  The Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **October 15, 2014**                    /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE